J. S82027/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DYLAN L. MATTERN, | : | |
| Appellant | : | |
| | : | No. 993 MDA 2016 |

Appeal from the Order Entered May 31, 2016
In the Court of Common Pleas of Montour County
Criminal Division at No(s): CP-47-CR-0000003-2007

BEFORE: OTT, DUBOW, AND PLATT[*], JJ.

MEMORANDUM BY DUBOW, J.:                    **FILED FEBRUARY 08, 2017**

Appellant, Dylan L. Mattern, appeals *pro se* from the May 31, 2016 Order entered in the Court of Common Pleas of Montour County denying and dismissing his Petition for "Writ of Mandamus," which we review as a Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm on the basis that Appellant's Petition for "Writ of Mandamus" is untimely and this Court, thus, lacks jurisdiction to review the Petition.

The underlying facts and procedural history, as summarized in this Court's memorandum decision disposing of Appellant's direct appeal from the denial of his most recent post-sentence filing, are as follows:

_____

[*] Retired Senior Judge Assigned to the Superior Court.

On January 30, 2007, Appellant pled guilty to aggravated indecent assault for sexually abusing a fifteen-year-old girl. On June 23, 2007, Appellant was sentenced to four to ten years of incarceration and, after a hearing, designated as a sexually violent predator (SVP) pursuant to 42 Pa.C.S. §§ 9795–9799.9 (Megan's Law II). He did not file a direct appeal. On November 26, 2007, Appellant *pro se* filed a [PCRA Petition] challenging his classification as an SVP. Counsel was appointed. On August 11, 2008, the PCRA court denied relief to Appellant, concluding that the relief he was requesting was non-cognizable under the PCRA. Appellant did not file a notice of appeal from that order.

In the next several years, Appellant *pro se* filed a series of motions for sentence reduction and credit for time served. Relevant to the instant matter, Appellant raised the issue of his SVP classification once again by filing a petition for a writ of *habeas corpus* with the lower court on October 1, 2015. On November 2, 2015, the lower court denied this petition. Appellant filed a notice of appeal. Both Appellant and the lower court complied with Pa.R.A.P. 1925.

***Commonwealth v. Mattern***, No. 2123 MDA 2015, unpublished memorandum at 1-2 (Pa. Super. filed June 8, 2016) (footnotes omitted). On June 8, 2016, this Court affirmed the lower court's dismissal of Appellant's Petition for Writ of *Habeas Corpus*.

On April 20, 2016, Appellant filed the instant *pro se* Petition for "Writ of Mandamus." On May 31, 2016, the lower court denied and dismissed Appellant's Petition for "Writ of Mandamus."

On June 17, 2016, Appellant timely filed a *pro se* Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents four issues for our review:

1. Appellant's plea agreement is silent on whether the Appellant may withdraw the plea in the event that the trial court does not concur in the recommended sentence.

2. Appellant's guilty plea was improperly accepted by the court, because the trial court failed to demonstrate on the record, Appellant's understanding of the charges and did not disclose that the elements of the crime charged were outlined in understandable terms, the court failed to comply with that mandatory requirement.

3. Appellant's plea is not voluntary and understandingly tendered, the Court failed to conduct an on the record colloquy regarding the plea as required by Pa.R.Crim.P. 590, formerly Pa.R.Crim.P. 319(A).

4. The trial court and counsel for Appellant failed to advise him of his right to petition to withdraw his guilty plea, of the right to counsel in filing such a petition and of the consequences of not filing such a petition.

Appellant's Brief at (actual page) 8 (some capitalization omitted).

As an initial matter, we deem Appellant's Petition for "Writ of Mandamus" to be a Petition filed pursuant to the PCRA. *See* 42 Pa.C.S. §§ 9541-9546. The PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect[.]" 42 Pa.C.S. § 9542. Our Supreme Court reiterated, "claims that **could** be brought under the PCRA **must** be brought under that Act." *Commonwealth v. Hall*, 771 A.2d 1232, 1235 (Pa. 2001) (emphasis in original). Any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition if the claim is cognizable under the PCRA. *Commonwealth v. Fowler*, 930 A.2d. 586, 591 (Pa. Super. 2007). In his *pro se* Petition for "Writ of Mandamus,"

Appellant requests relief based upon allegations of an unlawfully induced guilty plea and ineffective assistance of counsel, both of which are cognizable under the PCRA. Writ of Mandamus, filed 4/20/16, at (actual page) 1-2; *See* 42 Pa.C.S. § 9543(a)(2). Accordingly, we must review Appellant's Petition for "Writ of Mandamus" as a PCRA Petition, and we will refer to it as such hereafter.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008).

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. *See Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite).

Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the

Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the petitioner does not file the PCRA petition in a timely manner. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Appellant's Judgment of Sentence became final on July 23, 2007, upon expiration of the time to file a Notice of Appeal. ***See*** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a); ***Commonwealth v. Brown***, 943 A.2d 264, 268 (Pa. 2008) (holding that when no direct appeal is filed, the one-year period allowed for the filing of a PCRA petition commences upon the actual expiration of the time period allowed for seeking direct review). In order to be timely, Appellant needed to submit his PCRA Petition by July 23, 2008. ***Id***. Appellant filed this PCRA Petition on April 20, 2016, more than eight years after his Judgment of Sentence became final. The PCRA court properly concluded that Appellant's Petition is facially untimely. PCRA Court Opinion, filed 5/31/16, at 7.

Pennsylvania courts may consider an untimely PCRA petition, however, if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b), which provides the following:

**(b) Time for filing petition.**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the

judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2). "[I]t is the appellant's burden to allege and prove that one of the timeliness exceptions applies." **Albrecht, supra** at 1094 (citations omitted).

Here, Appellant requests post-sentence relief eight years after his sentence became final by putting forth allegations that he entered into an unlawfully induced guilty plea and that his counsel was ineffective. Writ of Mandamus, filed 4/20/16, at (actual page) 1-2. Neither claim falls under an exception to the PCRA's time bar. **See** 42 Pa.C.S. § 9545(b). In fact, Appellant entirely fails to address the time bar issue.

Accordingly, the PCRA court properly concluded that Appellant failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. §

9545(b)(1), and properly denied and dismissed Appellant's Petition as untimely. **See** PCRA Court Opinion at 1-3. We, thus, affirm the denial of PCRA relief.[1]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/8/2017

---

[1] As part of Appellant's argument that he was unlawfully induced into a guilty plea he summarily asserts that when the sentencing court rejected the recommendation of the pre-sentence investigation report, the court "imposed a sentence of 4 to 10 years, based upon facts found by the judge, thus violating the holding in **Apprendi** and [**Alleyne v. United States**, 133 S.Ct. 2151 (2013)], [which] constitutes a **Blakely** violation." Writ of Mandamus, filed 4/20/16, at (actual page) 4 (some capitalization omitted). This argument is undeveloped. In addition, although a legality of sentence claim cannot be waived, it must be properly raised in a timely PCRA Petition. **Commonwealth v. Jones**, 932 A.2d 179, 182 (Pa. Super. 2007); 42 Pa.C.S. § 9545(b)(2). The United States Supreme Court decided **Alleyne** on June 17, 2013. In order to invoke the "constitutional right" exception under 42 Pa.C.S. § 9545(b)(1)(iii), Appellant needed to submit his PCRA Petition within 60 days of June 17, 2013. **See Commonwealth v. Boyd**, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that the 60-day period begins to run upon the date of the underlying judicial decision). Appellant filed this PCRA Petition on April 20, 2016, well after 60 days of the **Alleyne** decision. In addition, our Supreme Court has recently reiterated that **Alleyne** does not apply retroactively on post-conviction collateral review. **See Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016).